IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| The Metropolitan Government of | ) | |
| Nashville and Davidson County; | ) | |
| Mr. Charlie Cardwel; Mr. George L. | ) | **CASE No. 3:14-cv-0971** |
| Rooker, Jr, | ) | **District Judge Sharp** |
| | ) | **Magistrate Judge Brown** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Egunyomi-Ali, Ogunbunmi Oodua, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT & RECOMMENDATION

Presently pending before the Magistrate Judge is the plaintiffs' motion for remand to the

Chancery Court for Davidson County, Tennessee, pursuant to 28 U.S.C. § 1447. (Docket Entry

("Doc.") 4)  For the reasons stated below, the Magistrate Judge recommends that the plaintiffs'

motion be **GRANTED**, the case **REMANDED** to the Chancery Court for Davidson County, and

all other pending motions be **DISMISSED** as **MOOT**.

## I. PROCEDURAL HISTORY

The Metropolitan Government of Nashville and Davidson County ("Plaintiffs") brought

suit in Chancery Court for Davidson County, Tennessee, ("Chancery Court") on March 7, 2014

against Ogunbunmi Oodua Egunyomi-Ali ("Defendant") and multiple other defendants.[1]

---

[1] Under 28 U.S.C. § 1446(a), Plaintiff was required to file "a copy of all process, pleadings, and orders served upon" him from the Chancery Court of Davidson County, Tennessee.  However, it does not appear that Plaintiff was furnished with a copy of the actual complaint, only a summons.  Thus, Plaintiff did not append that complaint to his notice of removal.  (Doc. 1)  On June 13, 2014, the Magistrate Judge contacted the Department of Law, Metropolitan Government of Nashville and Davidson County to secure a copy of the filed complaint and all exhibits.  The Magistrate Judge received the complaint and exhibit on June 13, 2014 and has taken judicial notice of that complaint and exhibit under Fed. R. Evid. 201.  The Magistrate Judge has appended the complaint and page 58 of the exhibit to the complaint which lists Plaintiff's property and alleged outstanding taxes to this Report and Recommendation ("R&R") as Exhibit 1.

(Exhibit 1)  Plaintiffs' complaint in Chancery Court asserted claims pursuant to Tenn. Code Ann. § 67-5-2010 for "delinquent, past due and unpaid [taxes levied with respect to property], together with costs, attorney's fees, penalties, and interest."  (Exhibit 1 to R&R)  Appended to the Complaint was an exhibit listing approximately 2800 properties and defendants.  Defendant is listed on page 58 of the exhibit along with the parcel number for his property and an amount owed in taxes of $1,137.04.  (Exhibit 1 to R & R)

On April 14, 2014, Defendant, a pro se litigant, filed notice of removal in the Federal District Court for the Middle District of Tennessee asserting jurisdiction under 28 U.S.C. § 1441(b)(1).  (Doc. 1)  Defendant's complaint alleges bias in that the Chancery Court is a division of the municipal government attempting to foreclose his property, accord and satisfaction, and a takings clause violation under Article V of the United States Constitution.[2]  (Doc. 1)  On April 15, 2014, Plaintiffs moved the court to remand this case pursuant to 28 U.S.C. § 1447(c) asserting a want of federal jurisdiction over those claims.  (Motion to Remand, Doc. 4, p. 1)

## II.  ANALYSIS

"Any civil action of which the district courts have original jurisdiction found on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable." *Gentek Bldg. Prods. v. Sherwin-Williams Co.* 491 F.3d 320, 325 (6th Cir. 2007) (quoting 28 U.S.C. § 1441(c))  Under the well-pleaded complaint rule, where the complaint from State court "relies only on state laws, the district court lacks subject matter jurisdiction, and the action is not removable." *Id.* (citing *Louisville & Nashville Ry. Co. v. Mottley*, 211 U.S. 149 (1908)).  As is evident by the Chancery Court Complaint (Exhibit 1), Defendants claims rely solely on Tennessee

---

[2]     Plaintiff asserts a violation of his "Human Rights [as] A/RES/2/217 states that no one shall be arbitrarily deprived of their property."  (Notice of Removal, Doc. 1, p. 2)  Because "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[,]" the Magistrate Judge has interpreted those claims as a takings clause violation. *See Weatherby v. Fed. Express*, 454 Fed. Appx. 480, 486 (6th Cir. 2012) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

State law. As such, the claims do not "arise under the Constitution, Treaties, or laws of the United States," and the district court lacks subject matter jurisdiction over them. *Id.*

Further, under the reasoning of *Younger v. Harris* and its progeny, the district court should abstain from weighing into the fray. 401 U.S. 37 (1971) "[W]here a state proceeding deals with issues involved in the federal court suit, the federal court abstains until the conclusion of the state proceeding." *James v. Hampton*, 513 Fed. Appx. 471, 474 (6th Cir. 2006) (relying on *Squire v. Coughlin*, 469 F.3d 551, 555 (6th Cir. 2006)). Abstention is appropriate where the state proceedings are on-going, involve an important state interest, and the state tribunal can provide an adequate opportunity for the defendant to raise constitutional objections. *Id.* Clearly, Plaintiff's case was pending in a state court of competent jurisdiction. Collection of taxes is also clearly "an important state interest" protected by the Anti-injunction Act, 28 U.S.C. § 1341, and the *Younger* doctrine. *United States v. Anderson County*, 705 F.2d 184, 188 (6th Cir. 1983). Lastly, Defendant will have ample opportunity to present his constitutional objections in the Chancery Court for Davidson County, Tennessee. *See Flowers v. Dyer County*, 830 S.W.2d 51, 52-3 (Tenn. 1992) (noting that Tennessee chancery courts are courts which hold statutory powers concurrent with those of Tennessee circuit courts with very few exceptions). Further, whether in chancery or circuit court, Defendant may appeal any adverse decision to the Tennessee Court of Appeals as of right, and, ultimately, via certiorari to the Tennessee Supreme Court and the United States Supreme Court.

### III.    CONCLUSION

For the above stated reasons, the district court lacks subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1441(c). Further, even if it possessed jurisdiction over the instant matter, the district court should abstain from asserting that jurisdiction here.

## IV.    RECOMMENDATION

The undersigned recommends that the Plaintiffs' motion for remand be **GRANTED** and the case be **REMANDED** to the Chancery Court for Davidson County, Tennessee, pursuant to 28 U.S.C. § 1447(c). Further, all other pending motions should be **DISMISSED** as **MOOT**.

The parties have fourteen (14) days of being served with a copy of this R&R to serve and file written objections to the findings and recommendation proposed herein.  A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal.  *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 16th day of June, 2014.

/s/Joe B. Brown
Joe B. Brown
Magistrate Judge

# EXHIBIT 1

# IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

FILED

2014 MAR -7 PM 4: 10

CLERK & MASTER
DAVIDSON CO. CHANCERY CT

_____D.C.& M

THE METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY IN ITS
OWN CAPACITY AND FOR THE USE AND
BENEFIT OF THE STATE OF TENNESSEE,

Plaintiff,

v.

DELINQUENT TAXPAYERS AS SHOWN ON
THE **2012** REAL PROPERTY TAX
RECORDS OF THE METROPOLITAN
GOVERNMENT OF NASHVILLE AND
DAVIDSON COUNTY, TENNESSEE

**SEE "EXHIBIT A"**

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**REAL PROPERTY**

Tax Civil-Action
No. 14-_0305_-III

## COMPLAINT

1.      Plaintiff, The Metropolitan Government of Nashville and Davidson County,
Tennessee, is a public corporation created by a Charter adopted by referendum of the citizens of
the City of Nashville and Davidson County, Tennessee, on June 28, 1962, in accordance with
Tenn. Code Ann. §§ 7-1-101, *et seq.*, and the Constitution of Tennessee, as amended.  Among
the powers granted, Plaintiff has the power to levy an annual tax upon all real and personal
property located within its jurisdiction.

2.      "Exhibit A," attached hereto and incorporated herein by reference, is a schedule
showing and describing, in detail, property owned by each individual Defendant and identified
by map/parcel numbers as assigned on the official property maps prepared, adopted, and filed
with the Metropolitan Planning Commission and the Metropolitan Clerk as described by
Metropolitan Code § 5.24.010 and as required by Tenn. Code Ann. §§ 67-5-806 and 66-24-113.
Defendants are severally liable and indebted to Plaintiff for taxes levied with respect to the
properties listed on "Exhibit A" that remain delinquent, past due and unpaid, together with costs,

attorney's fees, penalties and interest as provided by Tenn. Code Ann. § 67-5-2010. Plaintiff is entitled not only to the base tax for 2012, but also to interest, penalties, attorney's fees, costs, and other charges as provided by law for delinquent property taxes owed for years prior and subsequent to 2012 that remain delinquent pursuant to Tenn. Code Ann. § 67-5-2409. The exact amount due from each Defendant is variable due to the continuing accrual of interest, penalties, and costs. Therefore, Plaintiff asks to be permitted to ascertain the exact amount of its claim against each Defendant on the date when the property subject to the tax lien is scheduled for sale in satisfaction of said lien.

PREMISES CONSIDERED, Plaintiff prays:

1.     That proper process issue upon Defendant(s) listed under "Exhibit A," requiring them to appear and answer this cause, according to Tenn. Code Ann § 67-5-2415 and Tenn. R. Civ. P. 4.

2.     That all Defendants who are minors, or under other disability, without regular guardian, be represented by appointment of a guardian *ad litem* in respect to the property or properties involved.

3.     That this case proceed *in rem* for a judgment against the property and for personal judgments and decrees against Defendant(s) from January 1 of the year for which such taxes are assessed. Tenn. Code Ann §§ 67-5-2101 and 2103.

4.     That property liens as described in Tenn. Code Ann. §§ 67-5-2101 and 2102 be decreed against the properties of Defendant(s) and judgments and decrees be rendered in favor of Plaintiff against Defendant(s) for the amount of taxes owed for 2012.

5.     That, pursuant to Tenn. Code Ann. § 67-5-2409, all pending delinquent tax suits for prior years for which taxes remain delinquent, with interest, penalty, costs, fees and other charges, be consolidated with this present suit.

6.     For penalties and interest at the current legal rate per annum on the judgments and decrees herein rendered against Defendant(s) until they are paid. Tenn. Code Ann. § 67-5-2010.

7.     That, in execution of the judgments and decrees, the Clerk and Master be required to sell properties for cash, subject to the right of redemption and other obligations or debts, if any, for all taxes due and payable on the day of the sale, which shall include previous and subsequent delinquent taxes. Tenn. Code Ann. § 67-5-2501.

8.     That Plaintiff be permitted to correct any errors appearing in the description of the properties, in the names of any of the parties, and in the amounts stated to be due, and any other similar errors appearing hereafter.

9.     That, as a matter of right under Tenn. Code Ann. § 67-5-2405(b), Plaintiff be permitted to add new parties who are determined to be the owners or interested parties of property subject to a 2012 real property tax lien.

10.     That the sale of the subject properties include any demolition lien filed pursuant to Tenn. Code Ann. §§ 13-21-102, *et seq.,* and Tenn. Code Ann. § 7-3-305, any vegetation liens filed pursuant to Tenn. Code Ann. § 6-54-113, and other liens held by the Metropolitan Government, which may or may not be of record in the Register's Office for Davidson County, Tennessee.

11.     That the filing of this Complaint rightfully places the properties under the jurisdiction of the Chancery Court, and any subsequent transfer of the properties by Defendant(s) or other interested parties be deemed a fraudulent conveyance pursuant to Tenn. Code. Ann. § 66-3-101; and, further, that the Final Decree Confirming Sale convey good title, subject to the equity of redemption, to the tax sale purchaser(s). Tenn. Code Ann. § 67-5-2504.

12.     That, in the event the judgments and decrees are not satisfied by sale of the properties, Plaintiff be allowed to execute on the remaining balance due from each judgment entered against Defendants.

13.     That, in the event any person is in non-compliance with his or her bid at tax sale, they be made subject to the Clerk & Master's terms and conditions and to this Court's jurisdiction, and Plaintiff be awarded a judgment for the bid amount.

14.     That Plaintiff have such other, further, and general relief to which it may be entitled.

This the 7th day of March, 2014.


THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF NASHVILLE
AND DAVIDSON COUNTY, TENNESSEE
SAUL SOLOMON, # 11689
Director of Law

BY: _Jason P. Bobo_____

J. Brooks Fox, # 16096
Margaret O. Darby, # 20701
Jason P. Bobo, # 29756
Assistant Metropolitan Attorneys
Metropolitan Courthouse, Suite 108
P. O. Box 196300
Nashville, TN 37219
(615) 862-6343

| MAP PARCEL | CONTROL NUM | OWNER NAME | PROPERTY ADDRESS | BASE TAX |
|---|---|---|---|---|
| 07115042800 | 182176 | BAINES, WALTER L. ET UX<br>1205 PENNOCK AVE<br>NASHVILLE          TN     37207 | 1205   PENNOCK AVE<br>NASHVILLE 37207 | $1,435.28 |
| 07115045200 | 182200 | AMONETTE, JERRY S.<br>2169 JUNE DR<br>NASHVILLE          TN     37214 | 1211   STAINBACK AVE<br>NASHVILLE 37207 | $864.45 |
| 07115047800 | 182224 | ROBERTS, HENRY & FAYE C.<br>1201 LISCHEY AV<br>NASHVILLE          TN     37207 | 1219   LISCHEY AVE<br>NASHVILLE 37207 | $1,162.69 |
| 07115048800 | 182234 | INSIGHT PROPERTIES<br>1017 16TH AV S<br>NASHVILLE          TN     37212 | 1315   DICKERSON PIKE<br>NASHVILLE 37207 | $1,975.84 |
| 07115048900 | 182235 | INSIGHT PROPERTIES<br>1017 16TH AV S<br>NASHVILLE          TN     37212 | 1313   DICKERSON PIKE<br>NASHVILLE 37207 | $2,527.57 |
| 07116006100 | 183014 | SPARKMAN, CHARLES E. & MARY COLE<br>1411 ROSEDALE AV<br>NASHVILLE          TN     37207 | 1411   ROSEDALE AVE<br>NASHVILLE 37207 | $983.26 |
| 07116008700 | 183042 | MAYS, ELCO D. ETUX<br>1503 MONTGOMERY AVE<br>NASHVILLE          TN     37207 | 1503   MONTGOMERY AVE<br>NASHVILLE 37207 | $230.48 |
| 07116017900 | 183108 | HODGES, TIMOTHY J.<br>1214 N 5TH ST<br>NASHVILLE          TN     37207 | 1214 N 5TH ST   NASHVILLE<br>37207 | $314.57 |
| 07116023800 | 183166 | JACKSON, ANDREW S. & ALEXANDER, MARK<br> 1200 N 7TH ST<br>NASHVILLE          TN     37207 | 1200 N7TH ST NASHVILLE<br>37207 | $1,660.13 |
| 07116035800 | 183262 | BATTLE, DONALD C. & PATRICIA B.<br>1307 MEHARRY BV<br>NASHVILLE          TN     37208 | 1313 N 5TH ST   NASHVILLE<br>37207 | $1,017.05 |
| 07116037000 | 183274 | ORDWAY, RICHARD N. ET UX<br>504 PIPPIN DR<br>ANTIOCH          TN     37013 | 1317 N 6TH ST   NASHVILLE<br>37207 | $375.67 |
| 07200001000 | 183339 | CAMDEN HOLDINGS OF TN, L.L.C.<br>6405 TIFFANY OAKS LN<br>ARLINGTON          TX     76016 | 3215   AMBROSE AVE<br>NASHVILLE 37207 | $449.52 |
| 07201001500 | 183363 | OAKWOOD PARK DEVELOPMENT, LLC<br>1037 JEFFERSON ST<br>NASHVILLE          TN     37208 | 0   ALLENWOOD DR<br>NASHVILLE 37207 | $34.97 |
| 07201003300 | 183381 | ALI, OGUNBUNMI OODUA EGUNYOMI<br> P O BOX 160833<br>NASHVILLE          TN     37216 | 2529 BETHWOOD DR<br>NASHVILLE 37207 | $1,137.04 |
| 07202003000 | 183461 | BOLLING, KERON NEW<br>1033 IVERSON AVE<br>NASHVILLE          TN     37216 | 1033   IVERSON AVE<br>NASHVILLE 37216 | $1,436.45 |
| 07202007400 | 183502 | RICHARDS, RICHARD E. ET UX<br>3710 HILLTOP LN<br>NASHVILLE          TN     37216 | 3710   HILLTOP LN<br>NASHVILLE 37216 | $384.72 |
| 07203007100 | 183648 | GRIMM, CHARLES R. ETUX<br>1300 STRATFORD AVE<br>NASHVILLE          TN     37216 | 1300   STRATFORD AVE<br>NASHVILLE 37216 | $1,916.69 |