UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY IN ITS OWN CAPACITY AND FOR THE USE AND BENEFIT OF TENNESSEE,<br><br>    **Plaintiff,**<br><br>v.<br><br>OGUNBUNMI OODUA EGUNYOMI-ALI, Map/Parcel: 07201003300<br><br>    **Defendant.** | No. 03:14-00971<br>Judge Sharp |

## ORDER

In this removed action that seeks to collect delinquent property taxes, Defendant, who styles himself as the "Prosecutor/Aggrieved Party," has entered a "special appearance" to object to Magistrate Judge Brown's recommendation that the case be remanded to the Chancery Court for Davidson County, Tennessee. In making his recommendation, Magistrate Judge Brown wrote:

> "Any civil action of which the district courts have original jurisdiction found on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable." Gentek Bldg. Prods. v. Sherwin-Williams Co., 491 F.3d 320, 325 (6th Cir. 2007) (quoting 28 U.S.C. § 1441(c)). Under the well-pleaded complaint rule, where the complaint from State court "relies only on state laws, the district court lacks subject matter jurisdiction, and the action is not removable." Id. (citing Louisville & Nashville Ry. Co. v. Mottley, 211 U.S. 149 (1908)). As is evident by the Chancery Court Complaint (Exhibit 1), Defendants claims rely solely on Tennessee state law. As such, the claims do not "arise under the Constitution, Treaties, or laws of the United States," and the district court lacks subject matter jurisdiction over them. Id.
>
> Further, under the reasoning of Younger v. Harris and its progeny, the district court should abstain from weighing into the fray. 401 U.S. 37 (1971). "[W]here a

1

> state proceeding deals with issues involved in the federal court suit, the federal court abstains until the conclusion of the state proceeding." James v. Hampton, 513 Fed. Appx. 471, 474 (6th Cir. 2006) (relying on Squire v. Coughlin, 469 F.3d 551, 555 (6th Cir. 2006)). Abstention is appropriate where the state proceedings are on-going, involve an important state interest, and the state tribunal can provide an adequate opportunity for the defendant to raise constitutional objections. Id. Clearly, Plaintiff's case was pending in a state court of competent jurisdiction. Collection of taxes is also clearly "an important state interest" protected by the Anti-injunction Act, 28 U.S.C. § 1341, and the Younger doctrine. United States v. Anderson County, 705 F.2d 184, 188 (6th Cir. 1983). Lastly, Defendant will have ample opportunity to present his constitutional objections in the Chancery Court for Davidson County [and] may appeal any adverse decision to the Tennessee Court of Appeals as of right, and, ultimately, via certiorari to the Tennessee Supreme Court and the United States Supreme Court.

(Docket No. 39 at 2-3).

The recommended disposition is clearly correct – this case properly belongs in state court where it was originally filed. In arguing otherwise, Defendant contends that Magistrate Judge Brown should be removed from the case because he is biased and "has continued to make his legal determinations based on he [sic] personal feelings about who [Defendant] should be in his mind." (Docket No. 42 at 2). He also claims "the magistrate believes that his recommendation is just, knowing that the only one standing to benefit from it is his fellow attorneys[.]" (Id. at 1). As support for his contention, Defendant relies upon "all orders" of Magistrate Judge Brown. (Id. at 2).

These and other similar assertions made by Defendant are entirely spurious. Conclusory assertions of bias do not warrant removal of a presiding judicial officer. See, Houston v. Wicks, 503 F. App'x 338, 339 (6th Cir. 2012); Flint v. MetLife Ins. Co., 460 F. App'x 483, 486 (6th Cir. 2011). Further, insofar as Defendant claims bias as a result of his dissatisfaction with prior Orders, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

Substantively, Defendant argues that Magistrate Judge Brown neglected to consider "Article

2

17 of United Nations Treaty A/RES/3/217" which states that "everyone has the right to own property alone as well as in association with others" and that "no one shall be arbitrarily deprived of his property." (Docket No. 43 at 3). Presumably this is a reference to the United Nation's Universal Declaration of Human Right that contains such language. "But the Declaration does not of its own force impose obligations as a matter of international law," and instead is a statement of principles. Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004). Moreover, "'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

Because Plaintiff's suit arises under the state tax code and is a matter of state law, Defendant's removal was improper. Accordingly, (1) Magistrate Judge Brown's Report and Recommendation (Docket No. 39) is ACCEPTED and APPROVED; (2) Defendant's Objections thereto (Docket No. 43) are OVERRULED; (3) Plaintiff's Motion to Remand (Docket No. 4) is GRANTED; and (4) Defendant's "Motion for Preliminary/Permanent Injunctions Against Auctioning" (Docket No. 6) and Plaintiff's "Motion to Strike" (Docket No. 18) are DENIED AS MOOT.

This case is hereby REMANDED to the Chancery Court for Davidson County, Tennessee.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE